# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**JULIO CESAR CONCEPCION** | Crim. No. 15-15<br>Crim. No. 15-18<br><br>**OPINION & ORDER** |

Defendant Julio Cesar Concepcion, *pro se,* has filed in both of the above-captioned criminal cases a "Motion to Enforce Terms of Cooperation Agreement and/or to Compel the Government to File a motion for a Downward Departure" (15cr15 DE 87; 15cr18 DE 15) The government has submitted a response.[1] For the reasons stated herein, the motion is denied.

## BACKGROUND

On January 14, 2015, Mr. Concepcion pled guilty in open Court to two criminal Informations:

(a) Crim. No. 18-15, charging him with conspiracy and receipt of stolen government funds, 18 U.S.C. §§ 371, 641; and

(b) Crim. No. 18-18, charging him with conspiracy to commit wire fraud, 18 U.S.C § 1349.

This was what is known, at least in this District, as a "Guidelines plea." The written agreements to plead guilty, filed in the above-captioned cases, contained the following stipulations:

(a) The agreed total Guideline offense level was 27;

---

[1] The response, a letter dated December 14, 2018 with a one-page declaration (incorrectly captioned as an affidavit) attached, indicates that it was copied to Mr. Concepcion by regular mail. It does not appear on the docket, however. I have instructed the clerk to file it.

Two other motions, one seeking to rescind a money judgment, and the other for return of property, will be decided separately. (15cr15 DE 88, 89; 15cr18 DE 16, 17)

1

(b) Neither Concepcion nor the United States would seek a departure or variance from the agreed offense level;

(c) If the court sentenced Concepcion at or below offense level 27, he waived the right to file any appeal, collateral attack, or any other writ or motion challenging the sentence imposed.

(Plea Agreement (15cr15 DE 77; 15cr18 DE 5))

The Court accepted the plea agreement, and did sentence Mr. Concepcion to a term of imprisonment within the range that corresponded to the agreed offense level of 27.[2] On July 21, 2015, I sentenced Mr. Concepcion to concurrent terms of imprisonment totaling 84 months; concurrent terms of supervised release totaling 3 years; and restitution/forfeiture in the amount of $5,643,695.46. (15cr15 DE 79, 81; 15cr18 DE 8, 10)

The government did not appeal. Defendant Concepcion has not filed an appeal or motion under 28 U.S.C. § 2255, timely or otherwise. *See* Fed. R. App. P. 4(b)(1) (14-day deadline to file appeal); 28 U.S.C. § 2255(f) (one-year deadline to file § 2255 motion).

## DISCUSSION

Defendant's motion is presented as one to enforce a cooperating plea agreement.

The only potential basis for such a motion is Rule 35(b), Fed. R. Crim. P. 35(b). Rule 35(b) provides that, under some circumstances, a court may reduce a previously-imposed sentence based on a defendant's subsequent substantial cooperation with the prosecution. Where, as here, more than one year has passed since imposition of sentence, the information or its usefulness must have come to light at some time after the initial one-year deadline.[3]

---

[2] An offense level of 27 and criminal history category of I carry an imprisonment range of 70–87 months.

[3] (b) Reducing a Sentence for Substantial Assistance.

(1) *In General.* Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.

2

The motion must be denied, for multiple reasons.

*First*, the threshold requirement for a sentence reduction based on cooperation is a motion brought by the government. Absent an enforceable agreement to do so, the decision whether to bring such a motion is a matter of prosecutorial discretion. While a motion cannot be withheld on an unconstitutional basis, such as race or religion, no such claim is made here. See *Santobello v. New York*, 504 U.S. 81 (1992). The defendant concedes that the "only reason" the government declined to file a downward departure motion was that it considered his cooperation unreliable and therefore not valuable. (*See* Def. Br. 8.)

*Second*, the defendant alleges that he provided helpful information to the government *before* sentencing. He points to no recent cooperation. His presentence cooperation is not properly a subject of a Rule 35 (b) motion now, more than three years after imposition of sentence. See Fed. R. Crim. P. 35(b)(2).

*Third*, although the motion is styled as one to "enforce cooperation agreement," there is no such agreement. In some cases, the government will agree, generally as part of a plea bargain, to make a motion for a downward

---

(2) *Later Motion.* Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:

(A) information not known to the defendant until one year or more after sentencing;

(B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or

(C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

(3) *Evaluating Substantial Assistance.* In evaluating whether the defendant has provided substantial assistance, the court may consider the defendant's presentence assistance.

Fed. R. Crim. P. 35(b).

3

departure from the otherwise-applicable Guideline range, pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). No such agreement was reached here. The written agreements to plead guilty do not contain a cooperation provision or any agreement to file a 5K1.1 motion for a downward departure. To the contrary, they provide that neither party will move for an upward or downward departure if the sentence falls in the range corresponding to offense level 27 (as it did). To confirm what is obvious from the record, the government has submitted with its opposing brief the declaration of Conception's counsel, Genesis Peduto, Esq., dated December 12, 2018. Peduto confirms that "[t]he parties did not enter into a cooperation agreement in either matter."

*Fourth,* the defendant has waived any such challenge to his sentence. His plea agreement provides that, if defendant is sentenced at the offense level of 27 (as he was), he "voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion . . . which challenges the sentence imposed by the sentencing court . . . ." (Plea Agreement stipulation 28, (15cr15 DE 77 at 12; 15cr18 DE 5 at 12)).

For all of the foregoing reasons, the motion to enforce cooperating plea agreement is denied.

### ORDER

Accordingly, for the reasons stated above,

IT IS this 22d day of April, 2019

ORDERED that the "Motion to Enforce Terms of Cooperation Agreement and/or to Compel the Government to File a motion for a Downward Departure" (15cr15 DE 87; 15cr18 DE 15 is DENIED.

The clerk shall file this Opinion and Order under both of the above-captioned criminal cases, and close the file.

_____
**KEVIN MCNULTY**
**United States District Judge**

4