UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JULIO CESAR CONCEPCION | Crim. No. 15-15<br>Crim. No. 15-18<br><br>OPINION & ORDER |

Defendant Julio Cesar Concepcion, *pro se,* has filed in both of the above-captioned criminal cases a "Motion to rescind money judgment," *i.e.,* a Consent Judgment of Forfeiture to which he agreed in connection with his guilty plea. (15cr15 DE 89; 15cr18 DE 17)[1] The government has filed a brief in opposition. (15cr15 DE 90; 15cr18 DE 18). Because there is no legal basis for such a motion, and because the defendant waived any such challenge in his plea agreement and in the Consent Judgment itself, the motion is denied.

## BACKGROUND

On January 14, 2015, pursuant to written agreements to plead guilty filed in both of the above captioned cases, Mr. Concepcion pled guilty in open Court to two criminal Informations:

(a) Crim. No. 18-15, charging him with conspiracy and receipt of stolen government funds, 18 U.S.C. §§ 371, 641; and

(b) Crim. No. 18-18, charging him with conspiracy to commit wire fraud, 18 U.S.C §§ 1343, 1349.

He is currently serving a sentence of imprisonment.

Pursuant to his plea agreement, Mr. Concepcion signed a Consent Judgment of Forfeiture in the amount of $5,643,695.46. (15cr15 DE 80;

---

[1] Two other motions, for return of property and to enforce a cooperation agreement, will be decided separately. (15cr15 DE 87, 88; 15cr18 DE 15, 16)

1

15cr18 DE 9) The Consent Judgment was executed by the defendant and the government, and filed on the Court's docket on July 21, 2015. (*Id.*)

The Consent Judgment set forth that Mr. Concepcion

(1) consented to the forfeiture to the United States of $5,643,695.46, representing proceeds of the violations of 18 U.S.C. §§ 641 and 1349;

(2) consented to the entry of a money judgment in that amount, and agreed that the Consent Judgment was final at the time of entry, pursuant to Fed. R. Crim. P. 32.2(b)(4)(A); and

(3) waived all constitutional and statutory challenges to any forfeiture carried out pursuant to the Consent Judgment.

Mr. Concepcion acknowledged that the Consent Judgment would be part of the sentence imposed on him. *Id.*

Sentence was imposed and final judgments of conviction and sentence were entered on July 21, 2015. (15cr15 DE 79, 81; 15cr18 DE 8, 10) Both judgments ordered restitution in the amount $5,643,695.46. (*Id.*)

The government did not appeal. Defendant Concepcion has not filed an appeal or motion under 28 U.S.C. § 2255, timely or otherwise. *See* Fed. R. App. P. 4(b)(1) (14-day deadline to file appeal); 28 U.S.C. § 2255(f) (one year deadline to file § 2255 motion).

## DISCUSSION

Defendant seeks to rescind the Consent Judgment of forfeiture because he is indigent, and because he "faces a hardship while incarcerated . . . as [a result of] failure to comply with minimum Financial Responsibility Program ("FRP"), he will be subjected to unfair sanctions." (DE 89 at 3)[2]

---

2    The Inmate Financial Responsibility Program provides for modest amounts to be deducted monthly from inmates' prison earnings and applied against financial obligations such as fines or restitution. The judgments of conviction here recommended that the defendant participate in the FRP, and that restitution be paid at the rate of $25 per month. (15cr 15 DE 81 at 6; 15cr18 DE 10 at 6) To avoid sanctions, whether he considers them "unfair" or not, the defendant need only comply.

2

Defendant cites no statute, rule, or case in support of this application. There appears to be no legal basis for this motion to "rescind" the Consent Judgment of Forfeiture to which the defendant agreed.

The Federal Rules of Criminal Procedure are of no assistance to the defendant here. Rule 32.2, which governs forfeiture procedures, provides for a timely contemporaneous challenge, which may be pursued on appeal if denied. No such challenge occurred in 2015, and no appeal was taken.

Rule 35 provides for correction of an "arithmetical, technical, or other clear error" within 14 days after imposition of sentence. No such motion was made in 2015. The court has no inherent power to later revisit a sentence, and failure to bring a Rule 35 motion in timely fashion deprives the court of the power to do so. *See United States v. Phillips*, 597 F.3d 1190, 1199 (11th Cir. 2010); *United States v Townsend*, 762 F.3d 641, 646 (7th Cir. 2014).

Rule 36 provides for correction of a "clerical error" in a judgment at any time. Its function, however, is solely to permit technical corrections where a filed judgment or order fails to reflect the actual rulings of the court. No such claim is made here; the Consent Judgment reflects the actual terms agreed to by Mr. Concepcion and ordered by the Court. Mr. Concepcion merely seeks relief from the Consent Judgment to which he agreed. *See United States v. Jones*, 608 F.2d 386, 389 (Rule 36 does not "allow reassessment of the merits").

Viewed in the alternative as a motion to reopen judgment under Fed. R. Civ. P. 60(b), this motion is not viable. The Civil Rules cannot be used to challenge a criminal conviction or sentence. *See United States v. Mondavi*, 138 F.3d 1365 (11th Cir. 1998); *United States v. Baskerville*, 492 F. App'x 254, 256 n.1 (3d Cir. 2012).

Finally, even assuming that there is a procedural vehicle for such a claim, Mr. Concepcion has definitively waived it. As part of his plea bargain, he consented, in writing, to the entry of the Consent Judgment of forfeiture. His plea agreements contained a waiver of the right to bring an appeal or collateral

3

attack. (15cr15 DE 77; 15cr18 DE 5) More specifically, the Consent Judgment itself, signed by the defendant, "waives all constitutional and statutory challenges of any kind" to the forfeiture. (15cr15 DE 80; 15cr18 DE 9) Such waivers are legally effective. *See United States v. Pollard,* 850 F.3d 1038 (9th Cir. 2017) (plea agreement waiver of appeal bars challenge to forfeiture).[3]

## ORDER

Accordingly, for the reasons stated above,

IT IS this 22d day of April, 2019

ORDERED that the "Motion to Rescind Money Judgment" (15cr15 DE 89; 15cr18 DE 17) is DENIED.

The clerk shall file this Opinion and Order under both of the above-captioned criminal cases, and close the file.

**KEVIN MCNULTY**
**United States District Judge**

---

[3] Although no such claim is raised, the government has devoted several pages of briefing to the inapplicability of the later-decided case of *Honeycutt v. United States,* 581 U.S. __, 137 S. Ct. 1626 (2017) (rejecting joint and several liability, and holding that a federal criminal asset forfeiture statute similar to the one here is "limited to property the defendant himself actually acquired as the result of the crime."); *see also United States v. Gjeli,* 867 F.3d 418 (3d Cir. 2017).

Essentially for the reasons stated in the government's brief, if such a claim were presented, I would hold in the alternative that *Honeycutt* has not been applied retroactively and that proceedings under § 2255 or § 2241, which are directed at a prisoner's custody, are not available for collateral attack on a forfeiture order. *See* Gov't brief in opposition, pp. 9–12 (citing, *e.g., United States v. Alquza,* 2017 WL 4451146 (W.D.N.C. Sept. 20, 2017), *aff'd,* 722 F. App'x 348, 349 (4th Cir. 2018); *Lasher v. United States,* 2018 WL 3979596, at *9 (S.D.N.Y. Aug. 20, 2018)).

In addition, as noted in text, *supra,* this or any such challenge was waived. *See United States v. Yancey,* 707 F. App'x 342 (6th Cir. 2017) (challenge based on later-decided *Honeycutt* case is barred by plea agreement waiver).

4